844

**EMONS v. McDANAL.**

**Patent Appeal No. 4341.**

Court of Customs and Patent Appeals.
June 24, 1940.

Samuel E. Darby, of New York City (George P. Kimmel, of Washington, D. C., of counsel), for appellant.

R. H. Galbreath, of Denver, Colo. (Robert I. Dennison and George C. Baldt, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in an interference proceeding from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention to appellee.

The interference is between appellant's application, serial No. 66,408, filed December 9, 1936, and appellee's patent, issued April 28, 1936, on an application filed February 15, 1935. One count is involved in this appeal. Since appellant filed his application nearly eight months after the patent to appellee had issued, he has the burden of establishing priority of invention beyond a reasonable doubt.

The invention relates to an ornamental design for spectacles.

The count reads as follows: "The ornamental design for a pair of spectacles as shown and described."

The count originated in the said patent of appellee. The record discloses that when the application for that patent was at first rejected on the prior art by the Primary Examiner it was amended at the examiner's suggestion by inserting immediately preceding the claim a statement as to the essential features of the design upon which appellee here based his claim to novelty, as follows: "The dominant feature of my design resides in the ornamental effect produced by the combination of the lens shape, the relative positioning of the temple ends and bridge, the vertical lines of the lens edge straps, and the relatively narrow horizontal lines of the lens clamping straps."

Thus it appears from the count itself and the quoted statement appearing in the patent of appellee that the issue is upon the quoted descriptive statement.

Appellee, in his preliminary statement, alleged that he conceived and disclosed the invention to others about March 3, 1933, and reduced the invention to practice on or about November 17, 1933. Appellant, in his preliminary statement, alleged that he conceived the invention and disclosed it to others about December 22, 1930, and reduced the invention to practice about January 10, 1931.

Both parties took testimony and exhibits were placed in evidence. Appellant moved before the Examiner of Interferences to suppress or strike the entire record for appellee based in part upon many objections made by his counsel during the taking of testimony on behalf of appellee and in part for the reason that a portion of such testimony was taken subsequent to the voluntary withdrawal of counsel for appellant. The motion was denied by the Examiner of Interferences and the Board of Appeals found no error in his action.

It is not necessary to discuss the said motion because it is our opinion that ap-

pellant has failed to sustain his burden of proof.

Proof of conception of the invention and reduction to practice by appellant depend basically upon Exhibits 1 and 4 offered by appellant. Exhibit 4 is a letter written in lead pencil by appellant to his counsel, dated December 12, 1930. On the back page of the letter there is a rough penciled sketch of a pair of spectacles. There is no reference of any kind in the letter to the sketch except under the sketch, as a postscript, there is written "What do you think of this."

It appears that his counsel requested appellant to make up a pair of spectacles as the drawing or sketch did not satisfactorily show what the design really was. Appellant evidently did make up a pair of spectacles, said to have been made early in 1931, which were subsequently delivered to his counsel and appear here as Exhibit 1.

Exhibit 4 does not show a conception of the invention as defined in the count. It is merely a rough drawing of a pair of rimless spectacles the lenses of which are broader horizontally than vertically and the curved circumferences of which are of a wider arc on top and bottom than on the sides. The lens edge straps are not vertical, but incline inwardly at the top thereof.

Exhibit 1 does not conform to the design of the count. The temple ends of the exhibit are placed very high on the edge of the lens and the lens edge straps are sharply bent producing an upper and outer lens and edge contour quite different from that of the design in issue.

Appellant testified that subsequent to the making of Exhibit 1 he had made several pairs of spectacles for different people similar in design to this exhibit and there is in evidence, as Exhibit 2, a pair said to have been made in 1935. An examination of this exhibit shows it to be as foreign to the design in issue as is Exhibit 1.

With respect to the design herein differing from the design shown in the exhibits of appellant, the Board of Appeals stated:

"From an examination of the prior art, taken in connection with the statement above quoted, it is clear that the present design must be very narrowly construed. The Examiner of Interferences has thus construed it, and, giving to the count a narrow construction, has held that it is not supported by appellant's Exhibits 1 and 4.

"We agree with the Examiner of Interferences that Exhibit 1 differs from the design in issue at least as much as the latter differs from the other design patents invented by McDanal or the other art of record in the file of the involved McDanal patent. Therefore, whatever the testimony given with respect to these exhibits may prove with respect to the conception and reduction to practice is of no avail with respect to an award of priority on the count in issue. The Examiner of Interferences has analyzed the testimony submitted with respect to these exhibits and has reached the conclusion that the testimony given does not prove beyond a reasonable doubt the reduction to practice of a pair of spectacles such as Exhibit 1 prior to the date which has been accorded to McDanal."

When the Patent Office has placed a narrow construction upon a claim constituting a count to avoid the prior art, this court will not disturb such construction. Marshall & Levandosky v. Ledwinka, 67 F.2d 495, 21 C.C.P.A., Patents, 728; Chamberlain v. Kleist, 112 F.2d 846, 27 C.C.P.A., Patents, ——, decided concurrently herewith.

For the reason that we are convinced that the record of appellant with respect to conception and reduction to practice totally fails to sustain his burden of proof, he is entitled to no date earlier than the filing date of his application for conception and constructive reduction to practice. Since this date is almost eight months subsequent to the date upon which the involved patent of appellee issued, it is not necessary to consider the record of appellee nor to discuss the motion to suppress and strike. The date of conception and reduction to practice accorded appellee is immaterial here with respect to priority of invention, because in any event he would be entitled to the filing date of his application for conception and constructive reduction to practice.

The decision of the Board of Appeals is affirmed.